UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ESPLANADE 2018 PARTNERS, LLC,

                           Plaintiff,

            v.

MT HAWLEY INS. CO., et al.,

                           Defendants.

23 Civ. 3592 (DEH)

ORDER

DALE E. HO, United States District Judge:

On June 25, 2024, Plaintiff filed a motion to compel Defendant Mt. Hawley Insurance Company ("Mt. Hauley" or "Defendant") to produce dates for the deposition of Travis Fagala and its corporate deposition and request attorney's fees.[1]  *See* ECF No. 68.  Defendant filed a response on July 2, 2024.  *See* ECF No. 71.  On July 8, 2024, Plaintiff filed a reply.  *See* ECF No. 72.

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, a party may obtain discovery "that is relevant to any party's claim or defense" and that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  "Motions to compel and motions to quash a subpoena are both entrusted to the sound discretion of the court."  *Fitch, Inc. v. UBS Painewebber, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003).

Here, there is no dispute as to the relevance of the depositions.  Defendant Mt. Hawley Insurance Company "respectfully submits that it does not oppose Plaintiff's request to depose

---

[1] In its reply, Plaintiff acknowledges that the depositions of Wade Sticht and Craig Edwards are no longer at issue.  *See* ECF No. 72.  Accordingly, the Court only discusses the remaining depositions of Travis Fagala and the Mt. Hawley Insurance Company 30(b)(6) representative. *See* ECF No. 68.

Mr. Fagala and Mt. Hawley's 30(b)(6) representative." ECF No. 71.  Rather, the parties dispute whether Defendant has cooperated with Plaintiff's counsel to schedule depositions.  Plaintiff alleges "Mt. Hawley delayed providing any deposition dates for nearly 90 days and only then provided dates [for the 30(b)(6) deposition] that were less than one week from the end of the discovery period" and "never provided dates" for the deposition of Travis Fagala.  *See* ECF No. 68.  Defendant argues that Plaintiff failed to diligently follow up to schedule the depositions.  *See* ECF No. 71.  Plaintiff requested the deposition for Travis Fagala on March 13, 2024, *see* ECF No. 68-3, but did not follow up until June 7, 2024, only eighteen days before the end of the fact discovery deadline.  *See* ECF No. 49.  The Mt. Hawley 30(b)(6) deposition was scheduled for March 12, 2024, but Plaintiff "admits that an unavoidable conflict arose on March 6, 2024 that required it to cancel and request to reschedule."  *See* ECF No. 72.  On April 16, 2024, Defendant proposed alternative dates on June 18, 19, or 20 that Plaintiff did not accept or reject.  *See* ECF No. 68-1.

Based on the record before the Court, the Court **DENIES in part and GRANTS in part** Plaintiff's motion to compel, ECF No. 68.  Plaintiff's request for attorney's fees is **DENIED**, as they do not establish good cause and fail to sufficiently demonstrate diligence in pursuing discovery.  The parties are directed to meet and confer in good faith to schedule the two depositions on dates mutually agreeable to counsel and the witnesses.

Because the fact discovery deadline has elapsed, ECF No. 49, the Court will extend the discovery deadline for the sole purpose of taking these two depositions, until **<u>August 30, 2024,</u>** to accommodate the witnesses and counsel's schedules and reduce any unnecessary expense.  Given the procedural history in this case and the previous three discovery extensions, ECF Nos. 42, 47, 49, no further extensions will be granted absent extraordinary circumstances and diligence in taking discovery.

Furthermore, the conference scheduled for July 23, 2024, *see* ECF No. 70, is **ADJOURNED** to **September 10, 2024, at 11:30 a.m. ET.**  The parties should join the conference by calling the Court's conference line at (646) 453-4442 and using the access code: 939 743 417, followed by the pound (#) key.  The parties shall submit a joint status letter by **September 3, 2024**.  The letter shall further describe the efforts the parties have made to settle the action and state whether the parties request a referral for settlement discussions.

The Clerk of Court is respectfully directed to close ECF No. 68.

SO ORDERED.

Dated: July 17, 2024
New York, New York

_____
DALE E. HO
United States District Judge