UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ESPLANADE 2018 PARTNERS, LLC, | |
| Plaintiff, | 23 Civ. 3592 (DEH) |
| v. | **MEMORANDUM OPINION** |
| MT. HAWLEY INSURANCE COMPANY, | |
| Defendant. | |

DALE E. HO, United States District Judge:

Plaintiff, Esplanade 2018 Partners, LLC, commenced this action against Mt. Hawley Insurance Company ("Defendant" or "Mt. Hawley") alleging violations of Louisiana state law due to Mt. Hawley's refusal to pay for damages purportedly covered under an insurance policy it issued to Plaintiff. *See* Notice of Removal Ex. 1-B ("Pet.") 12-15, ECF No. 1-3. Defendant moves for leave to amend its Answer to add an affirmative defense of concealment, misrepresentation, or fraud. ECF No. 63. Plaintiff opposes the motion on futility grounds. *See* Mem. Opp. to Mot. for Leave to Am. Ans. ("Pl.'s Br.") 2-3, ECF No. 65. For the reasons below, the motion for leave to amend the Answer is **GRANTED**.

## BACKGROUND

This is a first-party insurance dispute related to Plaintiff's claim for damage sustained by its office building in Metairie, Louisiana, due to Hurricane Ida in August 2021. Pet. ¶¶ 4, 11, 16. Plaintiff argues that the damage was covered under a policy of property insurance (the "Policy") issued by Mt. Hawley. Pet. ¶¶ 6-14. Plaintiff seeks to recover at least $4,681,844.15 to cover the alleged damages, as well as statutory penalties and attorney's fees. Pet. 9, 17.

This case was first filed in Louisiana state court, in the 24th Judicial District for the Parish of Jefferson. *See* Pet. 1. Defendant then removed the case to the United States District Court for the Eastern District of Louisiana on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* Notice of Removal ¶ 4, ECF No. 1. Defendant filed its Answer on January 19, 2023. ECF No. 6. Defendant then requested a change of venue to this District, pursuant to 28 U.S.C. § 1404(a), to comply with a forum selection clause in the insurance policy. *See* Mot. to Transfer Venue, 1, 8-16. ECF No. 7-1. The federal district court in Louisiana granted the motion to transfer to this District. *See* ECF No. 9. On June 14, Judge Rochon entered a case management plan and scheduling order stating that any motion for leave to amend must be filed by July 14, 2023. ECF No. 39 at 2. The case was then reassigned to the undersigned, and the Court entered an order stating that "all prior orders, dates, and deadlines shall remain in effect notwithstanding the case's reassignment." ECF No. 45.

Defendant argues that, in the course of discovery, it has uncovered evidence of knowing and intentional fraud by Plaintiff. *See* Def.'s Br. 14-16. Defendant contends that Plaintiff and its representatives misrepresented and concealed material facts related to the claimed damages to Plaintiff's building due to the storm. *Id.* at 3-9. Specifically, Mt. Hawley argues that Plaintiff "scheme[d] to artificially inflate their claim" in order to exceed the relevant policy deductible. *Id.* at 3. According to Defendant, Plaintiff stated during the claim adjustment process that replacement of the building's main roof was necessary at a cost of over $550,000, but subsequently admitted (and its internal emails revealed) that Plaintiff had a report from its contractor indicating that the main roof was not damaged by the storm. *Id.* at 6-7. Reports obtained by Defendant purport to show that the building's roofs were already in poor condition and Plaintiff had planned on replacing them prior to the storm. *Id.* at 4-5. Additionally,

according to Defendant, Plaintiff's internal emails show that it knowingly retained consultants and urged them to "add additional items to the claim" without evidence showing the additional damage resulted from the storm. *Id.* at 7.  The consultants apparently added these claims. *Id.* Defendants point specifically to a claim for resealing every window in the building at a cost of $981,986.00. *Id.* Lastly, Mt. Hawley alleges that Plaintiff's public adjusters "instructed Plaintiff's engineer to remove language from their report that triggered a policy limitation on coverage." *Id.* at 15.

The Policy contains a "Commercial Property Conditions" provision that includes a section related to "concealment, misrepresentation, or fraud." *Id.* at 3.  That provision states that the coverage is void in the event that the insured party "intentionally conceal[s] or misrepresent[s] a material fact concerning" the coverage, the property, the party's interest in the property, or a claim under the insurance coverage. *Id.*  The information obtained throughout discovery, Defendant asserts, supports an affirmative defense for fraud that would exempt it from liability for failure to pay out the damage claimed under the insurance policy. *See id.* at 13. Because the deadline to amend pleadings has passed, Defendant moves for leave to amend its Answer to include this defense, arguing that the information unearthed has created good cause to do so pursuant to Rule 16(b)(4).[1] *See id.* at 14-16.

## LEGAL STANDARD

Leave to amend pleadings is guided by Rules 15 and 16.  Under Rule 15, parties may amend a pleading once as a matter of course within a specific timeframe.  Rule 15(a)(1).  Should the parties request more than one amendment, or if the deadline has passed, the parties require the opposing party's written consent or court's leave to amend a pleading.  Rule 15(a)(2).  Rule

---

[1] All references to Rules are to the Federal Rules of Civil Procedure.  In all quotations from cases, the Court omits citations, footnotes, emphases, internal quotation marks, brackets, and ellipses, unless otherwise indicated.

15 states that leave should be "freely give[n] . . . when justice so requires." *Id.* This is a "liberal" and "permissive" standard, and denial of leave has been held to be proper only upon a showing by the nonmovant of undue delay, bad faith, dilatory motive, or futility. *E.g.*, *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 115 (2d Cir. 2021); *accord Summerwind W. Condo. Owners Ass'n v. Mt. Hawley Ins. Co.*, No. 22 Civ. 3165, 2023 WL 8307561, at *3 (S.D.N.Y. Dec. 1, 2023). However, the "liberal" amendment period ends if the district court issues a scheduling order that establishes a date after which no amendment will be permitted; in that case, amendment is permitted only if the movant shows "good cause." *Sacerdote*, 9 F.4th at 115; *see also* Rule 16(b)(4).

An affirmative defense that sounds in fraud must meet the heightened pleading standard under Rule 9(b). *Summerwind*, 2023 WL 8307561, at *5. Rule 9(b) requires fraud claims to be pleaded with particularity: they must "(1) detail the statements (or omissions) that the [party] contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." *Olson v. Major League Baseball*, 29 F.4th 59, 71 (2d Cir. 2022). While Rule 9 allows for "[m]alice, intent, knowledge, and other conditions of a person's mind [to] be alleged generally," Rule 9(b), the party must still allege facts "that give rise to a strong inference of fraudulent intent." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 171 (2d Cir. 2015). In determining the adequacy of the fraud pleadings, the Court views the alleged facts in their totality, not in isolation; credits all non-conclusory factual allegations; and draws all reasonable inferences in the moving party's favor. *Id.*

**DISCUSSION**

To determine if good cause exists, the Court must inquire into the movant's diligence in attempting to adhere to the established deadline. *Summerwind*, 2023 WL 8307561, at *4. "A party is not considered to have acted diligently where the proposed amendment is based on information that the party knew, or should have known, in advance of the motion deadline." *Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 174-75 (S.D.N.Y. 2014). However, even when a party has failed to be diligent, this does not "strip[] [the court] of its discretion to grant leave to amend . . . in appropriate circumstances." *Id.* at 176.

Defendant has demonstrated good cause for leave to amend. Mt. Hawley did not know, nor could it have known, sufficient facts to allege fraud prior to the deadline, especially considering the heightened pleading standard for fraud claims. Rule 9(b). The deadline for seeking leave to amend pleadings was July 14, 2023. Civ. Case Management Plan and Scheduling Order, ECF No. 39 at 2. The disclosures forming the basis for the fraud defense began in October 2023, and relevant depositions occurred in February and March 2024; none of the information that Defendant relies on here was known prior to discovery. Def.'s Br. 14. A court in this District has previously recognized that this scenario establishes good cause for leave to amend. *See Summerwind*, 2023 WL 8307561, at *4 (holding that the defendant showed good cause to add fraud allegations where "[d]efendants lacked any basis in the earlier stages of this litigation to assert a fraud-based affirmative defense"). Because Mt. Hawley did not have a basis to assert a fraud defense prior to the discovery disclosures, there is good cause for leave to amend the Answer.

Because Defendant has good cause to amend, it should be allowed to do so absent a showing of undue delay, bad faith, dilatory motive, or futility. *Sacerdote*, 9 F.4th at 115.

Plaintiff has challenged the amendment only on futility grounds.[2] A proposed amendment is futile if it "would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6)." *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 225 (2d Cir. 2017).

The proposed amendment is not futile under this standard. Defendant accuses Plaintiff of having "fraudulently inflated its claim in order to exceed the [Policy] deductible applicable to this loss" by claiming damage to a roof that Plaintiff was told by its contractor had not been damaged by the storm. *See* Def.'s Br. Ex. T ("Proposed Am.") 19, ECF No. 63-20. Defendant alleges that Plaintiff concealed pre-loss reports during the claim adjustment process that would have shown the roof was damaged prior to Hurricane Ida. *Id.*

Defendants allege two other fraudulent actions in the Proposed Am. First, Defendant asserts that Plaintiff hired a consultant and urged them to add various costs to their claim, including resealing 2,700 windows for $981,986.00—all while concealing 2017 and 2018 inspection reports showing the window damage pre-existed Hurricane Ida. *See* Proposed Am. 19-20. Second, Defendant alleges that Plaintiff's public adjuster "literally instructed" Plaintiff's engineers "to alter its report to remove all references to 'wind-driven rain' because wind-driven rain is not covered under the Mt. Hawley Policy." *Id.* at 20. Specifically, Defendant contends that an employee of the adjuster issued these instructions "to better reflect the insurance policy language"; that the report was then, in fact, altered by the engineers; and that Plaintiffs submitted the altered report without disclosing the previous draft. *Id.*

The "who, what, when, where and how" of these allegations, taken as true, give rise to a "strong inference of Plaintiff's intent to defraud Defendant[]." *See Summerwind*, 2023 WL 8307561, at *5. Defendants have stated allegations of fraud with enough specificity to satisfy

---

[2] Plaintiff claims that Mt. Hawley "lacks credible evidence" to support its claim and that leave must therefore be denied pursuant to N.Y. C.P.L.R. 3025(b) and state court cases. *See* Pl.'s Br. 2-3. The Court construes this as a futility argument.

Rule 9(b)'s pleading standard. *See id.* (holding that allegations that the plaintiff "specifically instructed" the elevator company to "doctor" the pre-storm elevator replacement bid "to create the appearance it was generated after the hurricane," and then submitted that "doctored bid," gave rise to a "strong inference of [p]laintiff's intent to defraud [d]efendants").

Plaintiff contends that Defendant misrepresented the substance of the property condition reports and the testimony of the employee of its public adjuster, and thus that it lacks credible evidence to support its allegations of fraud. Pl.'s Br. 2-7. Although not explicitly doing so, the argument's reliance on the sufficiency of the evidence seems to be "inviting this Court to assess Defendant's motion under a summary judgment standard," which it may do in certain circumstances. *E.g.*, *Summerwind*, 2023 WL 8307561, at *6; *accord Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110-11 (2d Cir. 2001). When a claim "might survive a motion to dismiss" but would "immediately be subject to dismissal on a motion for summary judgment," the court can choose to apply the summary judgment standard to evaluate the futility of amendment. *E.g.*, *Stoner v. N.Y.C. Ballet Co.*, No. 99 Civ. 196, 2002 WL 523270, at *14 n.10 (S.D.N.Y. Apr. 8, 2002); *accord DiPace v. Goord*, 308 F. Supp. 2d 274, 279 (S.D.N.Y. 2004). This is not a requirement, however. *See Summerwind*, 2023 WL 8307561, at *6.

Even applying a summary judgment standard, however, it does not appear that the fraud defense would be futile. To survive a motion for summary judgment, there must be a genuine issue of material fact. *See Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247-48 (1986). While the Court does not ultimately take a position on the merits of a potential motion for summary judgment on this defense, the briefing shows that there is plausibly an issue of material fact with respect to the probative value of the adjuster's testimony and the property condition reports that would allow the claim to survive summary judgment. "Credibility determinations, the weighing

of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge" when ruling on summary judgment. *Id.* at 255.

Because Defendant has demonstrated good cause and the proposed allegations are sufficient to show that the amendment is not futile, and because Plaintiff raised no other grounds for denying leave to amend,[3] *see Summerwind*, 2023 WL 8307561, at *4 n.3 (declining to address any other grounds when the plaintiff only argued for undue prejudice and futility), the Court holds that leave to amend is proper.

## CONCLUSION

For the reasons stated above, Defendant's motion for leave to amend is **GRANTED**. Defendant shall file an Amended Answer by **February 3, 2025**. The Clerk of Court is respectfully directed to terminate ECF No. 62.

SO ORDERED.

Dated: January 27, 2025
New York, New York

　　　　　　　　　　　　　　　　　　　　　　　　DALE E. HO
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[3] In its Opposition, Plaintiff also requested, in the alternative, additional time to prepare and submit a supplemental opposition memorandum showing that "Mt. Hawley's gross misrepresentations and mischaracterizations of evidence . . . are inherent throughout almost the entirety of its discussion of evidence" in support of amendment. Pl.'s Br. 8. However, Plaintiff did not file a motion for extension of time to file its opposition. Because Plaintiff's proposed additional arguments appear to go to the sufficiency of Defendant's evidence and do not change the Court's analysis, the request for additional briefing is **DENIED**.