UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ESPLANADE 2018 PARTNERS, LLC, <br><br>                    Plaintiff, <br><br>        v. <br><br> MT. HAWLEY INSURANCE COMPANY, <br><br>                    Defendant. | 23 Civ. 3592 (DEH) <br><br> **OPINION AND ORDER** |

DALE E. HO, United States District Judge:

    Plaintiff Esplanade 2018 Partners, LLC ("Plaintiff" or "Esplanade") brings multiple claims against Mt. Hawley Insurance Company ("Defendant" or "Mt. Hawley") in connection with an insurance policy for a property in Metairie, Louisiana. Before the Court are the parties' cross-motions for partial summary judgment on the question whether Louisiana or New York law applies. Also before the Court are Plaintiff's motions to transfer the case back to the Eastern District of Louisiana, to supplement its expert disclosures, for contempt and to exclude Defendant's expert, for leave to file a supplemental opposition to Defendant's motion for summary judgment, and for leave to file a notice of supplemental authority; and Defendant's two motions for leave to file a notice of supplemental authority. For the reasons set forth below, Defendant's Motion for Partial Summary Judgment is **GRANTED** and Plaintiff's Motion for Partial Summary Judgment is **DENIED**. The remaining motions are **DENIED** except that Plaintiff is permitted to supplement certain of its expert disclosures on Defendant's consent.

## BACKGROUND

    The following facts are undisputed. Defendant issued a commercial property insurance policy (the "Policy") to Plaintiff for a property in Metairie, Louisiana (the "Property") for the period from April 11, 2021 to April 11, 2022. Pl.'s Statement of Facts ("Pl. SOF") ¶¶ 1-2, ECF

No. 56-1; Def.'s Statement of Facts ("Def. SOF") ¶ 2, ECF No. 59-1.  On or about August 29, 2021, Hurricane Ida made landfall as a Category 4 hurricane in southeast Louisiana, causing damage to the Property.  Pl. SOF ¶¶ 3-4.  On or about September 10, 2021, Plaintiff notified Defendant of losses sustained by the Property.  Pl. SOF ¶ 5.  Defendant investigated the damage, including by retaining independent adjusters, engineers, and other consultants to inspect the Property and provide reports of their observations and opinions regarding the cause and scope of damage resulting from the storm.  Def. SOF ¶ 3.  Based on those assessments, Defendant determined that any damage covered by the Policy did not exceed the Policy's deductible.  *Id.*

The Policy contains the following provision:

**LEGAL ACTION CONDITIONS ENDORSEMENT**

This endorsement adds the following to LEGAL ACTION AGAINST US elsewhere in the policy:

> All matters arising hereunder including questions related to the validity, interpretation, performance and enforcement of this Policy shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflicts of law rules).
>
> It is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder, any Named Insured, any additional insured, and any beneficiary hereunder shall submit to the jurisdiction of a court of competent jurisdiction in the State of New York, and shall comply with all the requirements necessary to give such court jurisdiction. Any litigation commenced by any Named Insured, any additional insured, or any beneficiary hereunder against the Company shall be initiated in New York. Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to a United States District Court.

Def. SOF ¶ 4.

Plaintiff filed this lawsuit for breach of contract and for violations of Louisiana Revised Statutes 22:1892 and 22:1973, seeking to recover unpaid insurance proceeds, consequential damages, and extracontractual damages.  Pl. SOF ¶¶ 9-10.  Plaintiff initially filed in Louisiana state court.  *See* Notice of Removal Ex. B-1 ("Pet.") 12-15, ECF No. 1-3.  On January 12, 2023,

Defendant removed the case to the United States District Court for the Eastern District of Louisiana on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* Notice of Removal ¶ 4, ECF No. 1. Defendant then requested a change of venue to this District, pursuant to 28 U.S.C. § 1404(a), to comply with the Policy's forum selection clause. *See* Def.'s Mem. Supp. Mot. Transfer, ECF No. 7-1. Plaintiff opposed the transfer motion. *See* Pl. Opp'n Transfer, ECF No. 12. On April 28, 2023, Judge Guidry in the Eastern District of Louisiana granted the motion to transfer to this District. *See* ECF No. 23.

On September 28, 2023, the Court entered a Civil Case Management Plan and Scheduling Order, which set a January 13, 2024 deadline for fact discovery and a January 27, 2024 deadline for Plaintiff's expert disclosures. *See* ECF No. 44 ¶¶ 7(e), 8(a). Upon the parties' request, the Court subsequently extended the fact discovery deadline to June 25, 2024, *see* ECF No. 49, but the parties did not request an extension of the expert disclosure deadlines, *see* ECF No. 48. On April 15, 2024, the parties cross-moved for partial summary judgment on the question whether New York or Louisiana law should apply. See ECF Nos. 56-61.

On August 22, 2024, Plaintiff untimely served its expert designations, disclosing for the first time a non-retained expert, Rob Haidler. *See* ECF No. 74 at 2. The Court held a case management conference on September 10, 2024 at which the parties presented their positions on Plaintiffs' untimely expert disclosures. *See* Min. Entry Sept. 10, 2024. Defendant acknowledged that it had already deposed two of Plaintiffs' late-designated experts, and thus it was prepared not to object to their disclosure. *See* Videoconference Recording, Sept. 10, 2024 at 21:11 (on file in chambers). But as to Mr. Haidler, Defendant objected strongly to the late designation, arguing that it would necessitate the reopening of all expert discovery. *See id.* at 21:45. The Court took the matter under advisement, and later that day it entered an order stating that it would "not permit the parties to rely on untimely-disclosed expert testimony absent further order." *See* ECF

3

No. 75. As discussed at the conference, the Court also referred the parties for settlement discussions before Magistrate Judge Ricardo. *See* ECF No. 76.

Following a settlement conference in November 2024, the parties were unable to reach a settlement. Plaintiff then filed a series of motions. On November 21, 2024, Plaintiff filed a motion to transfer the case back to the Eastern District of Louisiana, citing an intervening change in law, ECF No. 84; in the alternative, on December 10, 2024, it sought leave to file a supplemental opposition to Defendant's Motion for Summary Judgment based on those same legal developments, ECF No. 94. On November 22, 2024, Plaintiff filed a motion to supplement its expert disclosures and deem them not untimely, ECF No. 87, and a motion for contempt and to exclude Defendant's expert, Travis Fagala, ECF No. 89. Defendant opposed those motions, ECF Nos. 96, 102, and on January 10, 2025 and February 26, 2025, respectively, it filed two motions for leave to file supplemental notices of authority on the issue of the applicable law, ECF Nos. 108, 113. On February 28, 2025, Plaintiff filed its own motion for leave to file a supplemental notice of authority, ECF No. 114.

## DISCUSSION

**A.    Motion to Transfer**

The Court will first address the motion to transfer, as the question of venue could affect the other motions in this case. Plaintiff argues that recent decisions by Louisiana courts render the forum selection clause in the Policy unenforceable, and that the Court should therefore transfer the case back to the Eastern District of Louisiana. *See* Pl.'s Mem. Supp. Transfer 7-15, ECF No. 85. Because Plaintiff has not demonstrated a relevant change in controlling law, the motion is denied.

As an initial matter, Plaintiff's motion to transfer is effectively a motion to reconsider Judge Guidry's decision to transfer the case to this District. The law-of-the-case doctrine

4

"counsels a court against revisiting its prior rulings in subsequent stages of the same case absent cogent and compelling reasons such as an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."[1] *Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 736 F.3d 198, 208 (2d Cir. 2013). "Federal courts routinely apply law-of-the-case principles to transfer decisions of coordinate courts." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988). "Indeed, the policies supporting the doctrine apply with even greater force to transfer decisions than to decisions of substantive law; transferee courts that feel entirely free to revisit transfer decisions of a coordinate court threaten to send litigants into a vicious circle of litigation." *Id.*

In granting the motion to transfer the case, Judge Guidry explained that "[c]ourts in the Eastern District and elsewhere in Louisiana have considered forum selection clauses identical or substantively identical to that at issue in this case, and they have consistently granted motions to enforce that clause." ECF No. 23 at 1 (citing *Burk Holding Co. v. Mt. Hawley Ins. Co.*, No. 22 Civ. 3503, 2023 WL 183898 (E.D. La. Jan. 13, 2023); *Brooks & Brooks Invs., LLC v. Mt. Hawley Ins. Co.*, No. 22 Civ. 03854, 2022 WL 17476969 (E.D. La. Dec. 6, 2022); *William B. Coleman Co. v. Mt. Hawley Ins. Co.*, No. 22 Civ. 1686, 2022 WL 2806438, (E.D. La. July 18, 2022); and *UMMIID, LLC v. Mt. Hawley Ins. Co.*, No. 2:22 Civ. 5687 (W.D. La. Jan. 6, 2023)). Judge Guidry further noted that the Fifth Circuit had previously stepped in to order a district court to transfer a case to the Southern District of New York after the district court had denied a motion to enforce the same forum selection clause. *Id.* (citing *In re Mt. Hawley Ins. Co.*, No. 22 Civ. 30111, 2022 WL 5360188 (5th Cir. Apr. 28, 2022)).

---

[1] In all quotations from cases, the Court omits citations, footnotes, emphases, internal quotation marks, brackets, and ellipses, unless otherwise indicated.

Nothing in Plaintiff's motion undermines the reasoning in Judge Guidry's prior order. Plaintiff principally argues that two recent Louisiana court decisions render forum selection clauses, like the one at issue here, "void, null, and unenforceable under Louisiana law when their effect goes beyond simply identifying a venue of action, to deprive Louisiana courts of the jurisdiction of action against the insurer." Pl.'s Mem. Supp. Transfer 5. Those decisions—*Police Jury of Calcasieu Parish v. Indian Harbor Insurance Co.*, 2024-00449 (La. 10/25/24), 395 So.3d 717, and *Richard's Clearview, LLC v. Starr Surplus Lines Insurance Co.*, 24-114 (La. App. 5 Cir. 6/5/24), 391 So.3d 739 *writ granted, cause remanded*, 2024-00864 (La. 2/5/25), 2025 WL 399577—do not have the effect Plaintiff urges. *Police Jury* considered the question whether a recent statutory amendment "allowing forum or venue selection clauses in certain types of insurance contracts implicitly repealed" a preexisting statutory "prohibition of arbitration clauses in all insurance contracts." *Police Jury*, 395 So.3d at 720. The court answered that question in the negative, drawing a clear distinction between arbitration clauses—which deprive courts of jurisdiction over an action—and forum selection clauses, which "primarily concern the location where parties may pursue litigation." *Id.* at 724. The court explained that it had "consistently maintained that jurisdiction is a distinct concept from venue." *Id.* And it emphasized that "[f]orum selection clauses are generally enforceable and do not per se violate Louisiana public policy" absent a statute expressly providing to the contrary. *Id.* at 727. Here, Plaintiff's argument that the forum selection clause effectively deprived Louisiana courts of jurisdiction and was therefore unenforceable is not only unsupported by *Police Jury* but directly undermined by it.

As for Plaintiff's second intervening case—the Louisiana Fifth Circuit's decision in *Richard's Clearview*—the Louisiana Supreme Court recently granted a supervisory writ as to that case and remanded it for reconsideration in light of *Police Jury*. *Richard's Clearview, LLC*

6

*v. Starr Surplus Lines Ins. Co.*, 2024-00864 (La. 2/5/25), 2025 WL 399577. To the extent *Richard's Clearview* was ever persuasive authority, there can no longer be any argument that it supports Plaintiff's position. Accordingly, the Court finds no "intervening change of controlling law" that would justify reconsideration. *Starbucks Corp.*, 736 F.3d at 208.

Plaintiff also briefly argues that there is "new evidence" and "manifest injustice" here, *id.*, stating that "the new evidence available is Mt. Hawley's Motion for Summary Judgment regarding New York law, clearly demonstrating Mt. Hawley's otherwise prohibited attempt to circumvent Louisiana law and enforce the choice of New York law provision in its Policy," and "the manifest injustice would be to allow a clearly prohibited provision to be enforced, to the detriment of Plaintiff herein by virtue of nothing other than procedural chicanery." Pl.'s Mem. Supp. Transfer Venue 4-5. Because Plaintiff has not shown that the forum selection clause is unenforceable or contrary to Louisiana public policy, these arguments are also meritless. Accordingly, the Court denies the motion for reconsideration of the transfer decision.

In the alternative, Plaintiff requests leave to file a supplemental memorandum in opposition to Defendant's Motion for Partial Summary Judgment, based on the same intervening legal developments. *See* ECF Nos. 94-95. This request is denied. Under the Court's Individual Rules and Practices in Civil Cases Rule 4(c)(v), "[s]ur-reply memoranda are not allowed (unless specifically permitted in extraordinary situations for good cause)." Based on careful review of the parties' papers, the Court determines Plaintiff has not established good cause for leave to file a sur-reply.

**B.     Cross-Motions for Partial Summary Judgment**

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012). A dispute is genuine "if the evidence is

such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The parties cross-move for summary judgment on the issue of the applicable state law. Plaintiff argues that Louisiana statutes mandate the application of Louisiana law to this dispute, allowing it to bring certain causes of action under Louisiana law. *See* Pl.'s Mem. Supp. Partial S.J. 6-11, ECF No. 57; Pet. 13-16. Defendant counters that the choice-of-law provision in the contract requires the application of New York law, and argues that Plaintiff's Louisiana state law claims should be dismissed. Def.'s Mem. Supp. Partial S.J. 6-15, ECF No. 59.

"It is well established that a federal court sitting in diversity must generally apply the choice of law rules of the state in which it sits." *In re Coudert Bros. LLP*, 673 F.3d 180, 186 (2d Cir. 2012). When a case is transferred from a court in one state to a court in another pursuant to a valid forum selection clause, the law of the transferee court applies. *See Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 64-66 (2013) ("The court in the contractually selected venue should not apply the law of the transferor venue to which the parties waived their right."). Because this case was transferred to the Southern District of New York pursuant to a valid forum selection clause, *see supra* Part A, this Court will apply New York choice-of-law principles.

Under New York General Obligations Law § 5-1401, the parties to a contract involving more than $250,000 "may agree that the law of [New York] shall govern their rights and duties in whole or in part, whether or not such contract . . . bears a reasonable relation to [New York]." N.Y. Gen. Oblig. Law § 5-1401. In *Ministers & Missionaries Benefit Board v. Snow*, the New York Court of Appeals held even more broadly that "New York courts should not engage in any conflicts analysis where the parties include a choice-of-law provision in their contract, even if the contract is one that does not fall within General Obligations Law § 5-1401." 45 N.E.3d 917,

922 (N.Y. 2015). "To do otherwise . . . would contravene the primary purpose of including a choice-of-law provision in a contract—namely, to avoid a conflict-of-laws analysis and its associated time and expense. Such an interpretation would also interfere with, and ignore, the parties' intent, contrary to the basic tenets of contract interpretation." *Id.* at 923.

Here, the contract involves an obligation of more than $250,000,[2] so under New York General Obligations Law § 5-1401, the parties were free to agree that any disputes would be governed by New York law. Even if § 5-1401 did not apply, however, *Ministers* would preclude this Court from engaging in a conflict-of-laws analysis given the choice-of-law provision in the Policy. *See* 45 N.E.3d at 922-23.

Plaintiff argues that Louisiana law should govern because of a provision in Louisiana's insurance code prohibiting provisions in insurance contracts that require the application of foreign law. *See* Pl.'s Mem. Supp. Partial S.J. 7-11. But Louisiana choice-of-law principles do not apply here; New York's do—and under New York's choice-of-law principles, the parties' selection of New York law controls. *See Ministers*, 45 N.E.3d at 922-23. Because, after *Ministers*, "the courts of New York have refused to consider the public policy of foreign states . . . to overturn an otherwise valid contractual choice of law provision," the choice-of-law preferences expressed in Louisiana's insurance code are irrelevant. *See Capstone Logistics Holdings, Inc. v. Navarrete*, No. 17 Civ. 4819, 2018 WL 6786338, at *22 (S.D.N.Y. Oct. 25, 2018) (emphasis omitted), *aff'd in part and remanded in part*, 796 F. App'x 55 (2d Cir. 2020). "Multiple recent cases in this District have relied on § 5-1401 and *Ministers* to reach the same conclusion: a New York choice of law clause in an insurance policy must be enforced

---

[2] Plaintiff seeks to recover based on an estimate of over $5 million for alleged damage, and the Policy has a per occurrence loss limit of $35,725,000.00. *See* Def.'s Mem. Supp. Partial S.J. 9; Def.'s Mem. Supp. Partial S.J. Ex. A-1, at 2, ECF No. 59-3.

notwithstanding a statute in the insured's home state voiding such clauses." *My Invs. LLC v. Starr Surplus Lines Ins. Co.*, No. 23 Civ. 4229, 2024 WL 4859027, at *3 (S.D.N.Y. Nov. 20, 2024) (first citing *Ram Krishana, Inc. v. Mt. Hawley Ins. Co.*, No. 22 Civ. 3803, 2024 WL 1657763, at *4-5 (S.D.N.Y. Apr. 17, 2024); then citing *HKB Hosp. LLC v. Mt. Hawley Ins. Co.*, No. 23 Civ. 372, 2024 WL 4349508, at *2 (S.D.N.Y. Sept. 30, 2024); and then citing *CBKZZ Inv. LLC v. Renaissance Re Syndicate 1458 Lloyds*, No. 22 Civ. 10672, 2024 WL 728890, at *2 (S.D.N.Y. Feb. 22, 2024)); *see also U.S. Rubber Corp. v. Mt. Hawley Ins. Co.*, No. 23 Civ. 7618, 2024 WL 5268848, at *3 (S.D.N.Y. Dec. 31, 2024) (holding that New York law governed in case involving same choice-of-law provision).

The Court accordingly GRANTS Defendant's Motion for Partial Summary Judgment, ECF No. 58, and DENIES Plaintiff's Motion for Partial Summary Judgment, ECF No. 56. Because New York and not Louisiana law governs this case, the Court DISMISSES Plaintiff's claims under La. R.S. § 22:1892, § 22:1973, § 22:1896, and § 22:1964, and Plaintiff's claim for attorney's fees under Louisiana law. Because sur-replies are generally not permitted by this Court, the Court DENIES Defendant's motions for leave to file notices of supplemental authority, ECF Nos. 108, 113, and Plaintiff's motion for leave to file a notice of supplemental authority, ECF No. 114.[3]

### C.  Motion with Respect to Plaintiff's Expert Disclosures

Plaintiff has filed a motion seeking to supplement its August 22, 2024 expert disclosures—which were served after Plaintiff's expert disclosure deadline of January 27, 2024—and deem them not untimely. *See* Pl.'s Mem. Supp. Mot. Suppl. Expert Disclosures, ECF No. 88. Specifically, Plaintiff requests to produce the CVs, publication and testimony histories,

---

[3] The Court has reviewed the authorities cited in both parties' proposed sur-replies and concludes that they do not alter the analysis in this Opinion.

and fee schedules for its retained experts from Altieri Insurance Consultants and Childress Engineering Services, and to rely on a non-retained expert, Rob Haidler, who was disclosed for the first time on August 22, 2024. *Id.* at 1-3, 11-12. The Court notes that it already ruled against Plaintiff in this respect on September 10, 2024. *See* ECF No. 75 at 2 ("For the reasons stated above and discussed during the conference, the Court will not permit the parties to rely on untimely-disclosed expert testimony absent further order."). Plaintiff's motion is therefore construed as a motion for reconsideration of the Court's September 10, 2024 Order.

As discussed above, "[a] motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013). Plaintiff points to no intervening change in controlling law, new evidence, clear error, or manifest injustice; rather, it advances arguments that the Court already considered and rejected at the September 10, 2024 conference. Nevertheless, Defendant does not oppose Plaintiff's motion as to Kevin Kimball and Andrew Knox of Altieri Insurance Consultants, and Joe Murdter and Tony Childress of Childress Engineering Services. *See* Def. Resp. Opp. Mot. Suppl. Expert Disclosures 10, ECF No. 98. Defendant was aware of these individuals and has deposed some of them. *See id.* However, Defendant notes that Knox and Kimball do not qualify as "retained" experts under Rule 26(a)(2)(B) because "neither of them issued a signed report containing their opinions and the basis and reasons for them," *id.*, and Plaintiff does not contest this in reply, *see* Pl.'s Reply Mem. Supp. Mot. Suppl. Expert Disclosures, ECF No. 106. Accordingly, Plaintiff is ordered to supplement its expert disclosures as to Knox and Kimball to include the information required under Rule 26(a)(2)(C)(i)-(ii) and to supplement its disclosures as to Murdter and Childress to include the information required under Rule 26(a)(2)(B)(iv)-(vi).

11

Plaintiff's motion is DENIED in all other respects, including as to Mr. Haider.

## CONCLUSION

Plaintiff's Motion for Partial Summary Judgment, ECF No. 56, is **DENIED**. Defendant's Motion for Partial Summary Judgment, ECF No. 58, is **GRANTED**. Plaintiff's Motion to Transfer, ECF No. 84, is **DENIED**. Plaintiff's Motion to Supplement its Expert Disclosures and Deem Them Not Untimely, ECF No. 87, is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's Motion for Leave to File Supplemental Opposition, ECF No. 94, is **DENIED**. Plaintiff's Motion for Leave to File Notice of Supplemental Authority, ECF No. 114, is **DENIED**. Defendant's Motions for Leave to File Supplemental Notice of Authority, ECF Nos. 108, 113, are **DENIED**. The Court reserves judgment on Plaintiff's Motion for Contempt and to Exclude Defendant's Expert, Travis Fagala, ECF No. 89.

The parties are directed to meet and confer regarding next steps in this case, and to submit a joint letter, within two weeks of the date of this Opinion & Order, advising the Court of their proposal for resolving the case. The parties shall state whether they believe a referral for a renewed settlement conference before Magistrate Judge Ricardo would be productive. The status letter should also state the estimated length of trial and the parties' availability for trial in July, August, September, and October.

The Clerk of Court is respectfully directed to terminate ECF Nos. 56, 58, 84, 87, 94, 108, 113, and 114.

SO ORDERED.

Dated: March 18, 2025
New York, New York

_____
DALE E. HO
United States District Judge