UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Esplanade 2018 Partners, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>Mt Hawley Insurance Company,<br><br>        Defendant. | 23 Civ. 3592 (DEH)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

DALE E. HO, United States District Judge:

  Plaintiff Esplanade 2018 Partners, LLC brings claims against Defendant Mt. Hawley Insurance Company in connection with an insurance policy for a property in Metairie, Louisiana. Before the Court is Plaintiff's motion for contempt and to exclude Defendant's expert, Travis Fagala, who was not produced for deposition during discovery. *See* ECF Nos. 89, 90. For the reasons that follow, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.

  The Court assumes the parties' familiarity with the facts of this case, which are described in further detail in the Court's Opinion and Order of March 18, 2025. *See* ECF No. 116; *Esplanade 2018 Partners, LLC v. Mt. Hawley Ins. Co.*, No. 23 Civ. 3592, 2025 WL 844021 (S.D.N.Y. Mar. 18, 2025). In brief, Defendant issued a commercial property insurance policy (the "Policy") to Plaintiff for a property in Metairie, Louisiana (the "Property") for the period from April 11, 2021 to April 11, 2022. *Esplanade*, 2025 WL 844021, at *1. On or about August 29, 2021, Hurricane Ida made landfall as a Category 4 hurricane in southeast Louisiana, causing damage to the Property. *Id.* On or about September 10, 2021, Plaintiff notified Defendant of losses sustained by the Property. *Id.* Defendant investigated the damage, including by retaining independent adjusters, engineers, and other consultants to inspect the Property and provide reports of their observations and opinions regarding the cause and scope of damage resulting from the storm. *Id.*

Specifically, Defendant's building consultant, Travis Fagala, prepared an estimate of the costs to repair covered damage to the roofs and interiors of the Property, and its window engineer, Jim Borders, prepared an estimate of the costs to repair covered damage to the exterior glazing system. Def.'s Mem. Opp'n Mot. Contempt ("Def.'s Mem.") at 1-2, ECF No. 97. Based on those assessments, Defendant determined that any damage covered by the Policy did not exceed the Policy's deductible. *Id.*

As relevant here, Defendant timely designated as experts Mr. Fagala, Mr. Borders, and a consultant named Wade Sticht, who was asked to determine the cause of damage to the Property. All three worked for J.S. Held. *Id.* at 2. Defendant timely produced Mr. Borders and Mr. Sticht for depositions prior to the close of discovery, but did not produce Mr. Fagala, even after the Court extended the discovery deadline specifically to accommodate his deposition, *see* July 17, 2024 Order, ECF No. 73. Accordingly, Plaintiff seeks to (1) hold Defendant in contempt for failing to comply with the Court's July 17, 2024 Order; (2) exclude Mr. Fagala from testifying as an expert witness on behalf of Defendant at trial; (3) exclude all evidence of opinions rendered by Mr. Fagala and preclude him from testifying at trial in any capacity, whether as an expert or fact witness; (4) award Plaintiff attorney's fees and costs; and (5) grant any other relief the Court deems proper. Pl.'s Mem. Supp. Mot. Contempt at 9, ECF No. 90. In the alternative, Plaintiff seeks to reopen discovery to permit Mr. Fagala's deposition. *Id.* at 10.

In response to Plaintiff's motion, Defendant explains that it made several attempts to contact Mr. Fagala after the Court's July 17, 2024 Order but was unable to reach him. Def.'s Mem. at 2. On August 9, 2024, Defendant learned that Mr. Fagala no longer worked at J.S. Held. *Id.* at 3. According to Defendant, J.S. Held's Senior Vice President said he could not provide Mr. Fagala's contact information but would try to get in touch with him. *Id.* at 3. Nevertheless, all attempts to reach Mr. Fagala—by email, phone, and LinkedIn—were fruitless. *Id.* at 3 & Ex. 2.

Defendant therefore agrees that Mr. Fagala should not be permitted to testify at trial. *Id.* at 4. But Defendant objects to Plaintiff's request to exclude other estimates by J.S. Held to the extent they relied on Mr. Fagala's estimates. *Id.*

Having reviewed the parties' submissions, it is hereby ORDERED that:

1. Plaintiff's request to hold Defendant in contempt is **DENIED**. Defendant does not appear to have willfully violated the July 17, 2024 Order. Rather, it appears that Defendant attempted diligently to contact Mr. Fagala, without success.

2. Plaintiff's request to exclude Mr. Fagala's expert testimony at trial, to which Defendant agrees, is **GRANTED**.

3. Plaintiff's request to exclude all evidence of opinions rendered by Mr. Fagala and to preclude him from testifying at trial as a fact witness is **GRANTED**. However, any estimates that are <u>independent of</u> and <u>do not incorporate</u> Mr. Fagala's estimates are <u>not</u> excluded.[1]

4. Plaintiff's request for attorney's fees and costs is **DENIED**. Plaintiff has not demonstrated that it is entitled to fees and costs in this dispute.

The Clerk of Court is respectfully requested to terminate ECF No. 89.

SO ORDERED.

Dated: September 9, 2025

New York, New York

                                  DALE E. HO
                            United States District Judge

---

[1] Plaintiff's alternative request to reopen discovery for purposes of deposing Mr. Fagala appears to be futile in light of Defendant's inability to contact Mr. Fagala.